Filed 7/14/21  In re Shiloh T. CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re SHILOH T. et al, Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANA T.,<br><br>Defendant and Appellant. | F082082<br><br>(Super. Ct. Nos. JD138933-00, JD139102-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Marcos R. Camacho, Judge.

Carolyn S. Hurley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Franson, J. and Smith, J.

Appellant Ana T. (mother) appeals from the juvenile court's order terminating her parental rights to her now six-year-old son, Shiloh T. and two-year-old son, Nicholas T. (Welf. & Inst. Code, § 366.26.)[1]  After reviewing the juvenile court record, mother's court-appointed attorney informed this court she could find no arguable issues to raise on mother's behalf.  This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)  Mother filed a letter but failed to make the requisite showing.  Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Newborn Nicholas was placed on a protective hold at the hospital in December 2018, by the Kern County Department of Human Services (department).  At the time, mother had an open child welfare case regarding then three-year-old Shiloh who was removed because of multiple incidents of domestic violence between mother and her boyfriend Michael B. and because Shiloh had an unexplained bruise on his torso and a busted lip.

R.M. is Shiloh's presumed father.  He was appointed a guardian ad litem (GAL) at the detention hearing in November 2018 and Shiloh was placed with a relative.  Michael B. is Nicholas's biological father and there was a restraining order against him.

The juvenile court ordered Nicholas detained at a hearing in January 2019, and ordered the department to inquire regarding mother's Indian heritage pursuant to the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.; (ICWA)).  Mother was ordered twice weekly supervised visits with the children.

---

[1]      Statutory references are to the Welfare and Institutions Code unless otherwise noted.

On March 6, 2019, at the jurisdictional hearing, the juvenile court adjudged Shiloh and Nicholas dependent children and continued the matter to April for a dispositional hearing. The court also ordered mother and R.M. to complete a psychological evaluation.

On March 11, 2019, the juvenile court issued a temporary order restraining mother from contact with the children and their caregivers because mother followed the caregivers after visits and would not comply with law enforcement. Mother was subsequently ordered to visit the children at the juvenile courthouse and remain until excused by the department.

The April 2019 dispositional hearing was continued and ultimately conducted in May 2020. During that time, mother was diagnosed with schizoaffective disorder and bipolar disorder with paranoid features and two psychologists determined she could not benefit from reunification services because of her mental illness. Her behavior during that time was erratic; she followed the caregivers to their homes, was aggressive with the social workers, foster family social workers and caregivers and yelled at Shiloh. In May 2019, mother completed a 26-week domestic violence counseling program as a victim and in June 2019 she completed a 14-week parenting class. In October 2019, the police were contacted because mother attempted to kidnap Shiloh from the department's lobby. In November 2019, the court appointed a GAL for mother and found the ICWA did not apply.

The department recommended the juvenile court deny mother and R.M. reunification services because they suffered from a mental disability and would not benefit from reunification services. (§ 361.5, subd. (b)(2).) The department recommended against services for Michael because he was serving a four-year prison sentence for felony domestic violence and providing him services would not benefit Nicholas. (§ 361.5, subd. (a).)

The parties presented their positions by argument only at the dispositional hearing in May 2020. Mother's attorney argued mother would benefit from reunification

services.  Mother acknowledged why the children were removed from her custody, filed a restraining order and completed domestic violence counseling and a parenting class.  She was participating in mental health counseling and taking a mood stabilizing medication.  There was no evidence she was using or abusing drugs.  Mother's attorney asked the court to grant her family maintenance services because she completed an initial case plan and did not present a substantial risk of harm to the children if they were placed in her care.  Alternatively, mother's attorney asked the court to offer her reunification services.

The juvenile court denied mother and the children's fathers reunification services as recommended and set a section 366.26 hearing.  The court found visitation with mother would be detrimental to the children and ordered no contact.  The court ordered monthly supervised visits for R.M. and Michael and bimonthly sibling visits.

The department recommended the juvenile court terminate parental rights at the section 366.26 hearing and free Nicholas and Shiloh for adoption.  Although Shiloh and mother had an established relationship prior to his removal, mother had not visited him since April 2019, and he did not look to her as his primary caregiver.  He looked instead to his foster parents for all his needs.  Nicholas and mother did not have a relationship before he was removed from her custody and he only had a visiting relationship with her.  He had not visited her since April 2019 and did not regard her as his primary caregiver.  The department did not believe either child would suffer detriment if mother's parental rights were terminated.

Mother appeared with her attorney at the section 366.26 hearing on October 22, 2020, and objected to the department's recommendation but did not offer any evidence.  R.M. and Michael followed suit.  The juvenile court found the children were likely to be adopted and terminated parental rights.

## DISCUSSION

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, order termination of parental rights.  (*In re Marilyn H.*

4.

(1993) 5 Cal.4th 295, 309.)  If, as in this case, the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption).

Mother did not challenge the evidence of the children's adoptability or argue at the section 366.26 hearing that any of the exceptions to adoption applied.  Nor does she do so on appeal.  Rather, she provides a background of her life, including her adoption as a child, alleged harassment by the paternal family of an older child, her graduation from residential drug treatment in 2014, receipt of a job skills certificate in assistant and associate teaching in child development in 2016 and her experiences with the fathers of her children.  Mother does not, however, claim the juvenile court erred in finding the children were adoptable or that any of the exceptions to adoption applied.  As a result, she failed to set forth a good cause showing that an arguable issue of reversible error arose from the court's order terminating her parental rights.  Further, though we are not required to, we have reviewed the record as it relates to the section 366.26 hearing and have found no arguable issues for briefing.  (*In re Phoenix H*., *supra*, 47 Cal.4th at pp. 841−842.)  Consequently, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.